**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carly Denial, | No. CV-18-08067-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| City of Flagstaff, et al., | |
| Defendants. | |

Defendants City of Flagstaff and Melanie Montano (together, "Defendants") have moved for judgment on the pleadings. (Doc. 14.) For the reasons below, the Court will decline to rule at this time and will, instead, order the parties to provide supplemental briefing.

**BACKGROUND**

Defendant City of Flagstaff is a municipal corporation organized under the laws of the State of Arizona. (Doc. 1-1 at Ex. A ¶ 2.) Defendant Melanie Montano ("Officer Montano") was employed by the City of Flagstaff as a police officer during all times relevant to the complaint. (*Id.* ¶ 3.) Plaintiff Carly Denial was a resident of the City of Flagstaff during all times relevant to the complaint. (*Id.* ¶ 1.) The relevant facts as alleged by Plaintiff are as follows.

On February 6, 2017, Officer Montano responded to an alleged shoplifting incident at Sportsman's Warehouse in Flagstaff. (*Id.* ¶¶ 8-9.) Sportsman's Warehouse

advised Officer Montano that two individuals had stolen merchandise totaling nearly $800. (*Id.* ¶ 9.) Officer Montano arrested both individuals: Josh Kieffer and Plaintiff's sister, Nicole Renee Denial ("Nicole"). (*Id.* ¶¶ 8, 13.)

Officer Montano identified Josh Kieffer using documentary evidence issued by the State of Arizona. (*Id.* ¶ 10.) However, Nicole was unable to produce any evidence of her identity. (*Id.* ¶ 11.) Nicole falsely identified herself as Plaintiff, Carly Denial. (*Id.* ¶¶ 12, 13.) Officer Montano accepted Nicole's representation that she was Plaintiff based solely upon her verbal statement of identity. (*Id.* ¶ 11.) Officer Montano did not request any documentation from Nicole regarding her identity, even after Officer Montano accompanied Nicole to her residence. (*Id.* ¶ 14.)

After reading Nicole her *Miranda* rights, Officer Montano ran a search to determine whether there were any other arrests or outstanding warrants for "Carly Denial." (*Id.* ¶ 15.) Finding none, Officer Montano issued a citation to Nicole, which included Plaintiff's social security and driver's license number. (*Id.* ¶ 16.) Officer Montano then released Nicole after she signed the citation issued in Plaintiff Carly Denial's name, promising that she would appear in court. (*Id.* ¶¶ 16-17.)

On May 11, 2017, the Arizona Department of Public Safety pulled over Plaintiff on Interstate Highway 17 for a traffic violation. (*Id.* ¶ 21.) The officer discovered that an outstanding arrest warrant had been issued for Plaintiff for her failure to appear in court relating to the incident at Sportsman's Warehouse. (*Id.*) The officer placed Plaintiff under arrest and took her to the Fourth Avenue Jail. (*Id.* ¶ 22.) Plaintiff was released the next day, having spent approximately twelve hours in the jail's custody. (*Id.*)

On November 1, 2017, Plaintiff filed a notice of claim with the City of Flagstaff and Officer Montano. (Doc. 14-1 at Ex. 3; Doc. 1-1 at Ex. A ¶ 30.)

On February 12, 2018, Plaintiff filed suit in Coconino County Superior Court. (Doc. 1-1 at Ex. A.) The complaint alleges four counts: (1) gross negligence; (2) a violation of 42 U.S.C. § 1983; (3) intentional infliction of emotional distress; and (4) instigating or participating in unlawful arrest. (*Id.*)

On March 23, 2018, Defendants removed this action to federal court. (Doc. 1.)

On April 3, 2018, Defendants filed their answer. (Doc. 7.) It alleges several affirmative defenses, including qualified immunity. (Doc. 7 at 8.)

On May 7, 2018, Defendants filed a motion for judgment on the pleadings on all four counts. (Doc. 14.)

**ANALYSIS**

A.  The § 1983 Claim

  **1. The Parties' Arguments**

Count Two of the complaint alleges that Officer Montano, acting under color of law, "caused [Plaintiff] to be deprived of her constitutional rights," namely "the right to due process, the right to liberty, and the right to privacy of her own body." (Doc. 1-1 at Ex. A ¶¶ 32, 33.)[1]

In their motion, Defendants ask the Court to find, as a matter of law, that the conduct alleged in the complaint does not amount to a constitutional violation. (Doc. 14 at 4-8.) Among other things, they contend (1) the deprivation of liberty suffered by Plaintiff (*i.e.,* a 12-hour detention) was of insufficient duration and severity to constitute a due process violation, (2) due process claims premised on an "incorrect arrest" cannot succeed if the arrest was made pursuant to a valid warrant based on probable cause, yet the complaint doesn't challenge the validity of the warrant or the presence of probable cause, (3) due process claims against investigating officers require allegations of "bad faith" or the deliberate falsification of evidence, yet the complaint merely alleges that Officer Montano acted negligently, and (4) courts have specifically held that a state actor's failure to follow internal policies and procedures does not constitute a due process violation. *Id.*

In her response, Plaintiff argues that (1) the 12-hour detention constituted a deprivation of her liberty because "[a]ny restraint, however slight, upon another person's

---

[1] Plaintiff also alleges that Defendant City of Flagstaff is vicariously liable because Officer Montano's acts and omissions occurred "within the course and scope of her employment." (Doc. 1-1 at Ex. A ¶ 34.)

- 3 -

liberty to come and go as one pleases, constitutes an arrest," and the deprivation of liberty was unaccompanied by due process because Officer Montano failed to obtain satisfactory evidence of identity before issuing a citation in Plaintiff's name, and (2) the Ninth Circuit's decision in *Fargo v. San Juan Bautista*, 857 F.2d 638 (9th Cir. 1988), establishes that gross negligence (as opposed to bad faith or intentional falsification) is sufficient to state a clam under § 1983. (Doc. 23 at 4-6.)

In their reply, Defendants respond to Plaintiff's first argument by noting that "[w]hile it may be true that a restraint may constitute an arrest, that is a different question than whether the arrest constitutes a deprivation of a constitutional right without due process of law." (Doc. 25-1 at 4, citing *Baker v. McCollan*, 443 U.S. 137 (1979), and *Rivera v. County of Los Angeles*, 745 F.3d 384 (9th Cir. 2014).) As for Plaintiff's second argument, Defendants contend that *Fargo*'s discussion of gross negligence is "no longer good law." (Doc 25-1 at 2-3, citing *Lewis v. Sacramento County*, 98 F.3d 434 (9th Cir. 1996), and *Tatum v. Moody*, 768 F.3d 806 (9th Cir. 2014).)

### 2. **Qualified Immunity**

The parties have asked the Court to determine, on the merits, whether the conduct alleged in the complaint constitutes a constitutional violation. Yet "a 'longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.'" *Camreta v. Greene*, 563 U.S. 692, 705 (2011) (citations omitted).

Here, it may be unnecessary to reach the constitutional question because Defendants also have raised the affirmative defense of qualified immunity in their answer, which could resolve the § 1983 claim on non-constitutional grounds. Qualified immunity is "'an immunity from suit rather than a mere defense to liability,'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted), and thus should be resolved "at the earliest possible stage in litigation," *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). Accordingly, the Court orders the parties to provide supplemental briefing on whether Defendants are entitled to qualified immunity. *Dorley v. S. Fayette Twp. Sch. Dist.*, 129

F. Supp. 3d 220, 229 (W.D. Pa. 2015) (after defendant moved to dismiss § 1983 claim on the ground that the alleged conduct didn't violate the Constitution, "this Court ordered supplemental briefing on [qualified immunity]"); *Njos v. Carney*, 2017 WL 3217690, *1 n.1 (M.D. Pa. 2017) ("In appropriate circumstances, the court may consider qualified immunity sua sponte. Specifically, the Court is vested with the authority to sua sponte grant summary judgment on grounds not raised by the Defendants, such as qualified immunity, so long as the non-moving party has notice and an opportunity to be heard."). *See also Norse v. City of Santa Cruz*, 629 F.3d 966, 971-72 (9th Cir. 2010) (before considering dismissal on ground not raised by parties, affected party must be provided reasonable notice and an opportunity to be heard).

B.  The State-Law Claims

   **1.  The Parties' Arguments**

Counts One, Three, and Four of the complaint allege state-law tort claims against Defendants. Count One asserts a claim for Gross Negligence, Count Three asserts a claim for Intentional Infliction of Emotional Distress, and Count Four asserts a claim for Unlawful Arrest. The complaint also alleges that Plaintiff filed a notice of claim with the City of Flagstaff and Officer Montano before filing suit. (Doc. 1-1 at Ex. A ¶ 30.)

In their motion, Defendants argue, *inter alia*, that all three state-law claims should be dismissed because the notice of claim was invalid. (Doc. 14 at 8-11.)[2] As background, Arizona law provides that a party wishing to sue a public entity or employee must first submit a written claim that "contain[s] a specific amount for which the claim can be settled." A.R.S. § 12-821.01. Here, Defendants filed—as an attachment to their motion to dismiss—what purports to be the pre-suit notice that was served by Plaintiff on the City of Flagstaff and Officer Montano. (Doc. 14-1 at Exh. 3.) In it, Plaintiff asserted that she would "settle her claims . . . in exchange for the payment of the amount of $75,000. Further, [Defendants] must cause the complete and permanent expungement of the shoplifting charges and/or her arrest from her record and the removal of any mention

---

[2] Defendants also challenge the sufficiency of each of the individual state-law tort claims. (Doc. 14 at 11-14.)

- 5 -

of or reference to the charges and/or her arrest from any [mugshot] website . . . or any other social media, whether now in existence or existing in the future." *Id.*

Defendants argue the notice of claim was invalid because it wasn't limited to a "clear and unequivocal amount of money that if accepted would have extinguished Plaintiff's claims" and instead also included various non-monetary demands. (Doc. 14 at 4, 8-11.) Defendants further contend that the non-monetary demands were unlawful and impossible to satisfy. *Id.*

In her response, Plaintiff defends the sufficiency of her notice of claim, arguing that the monetary portion of the demand was specific (*i.e.,* $75,000) and that Arizona law doesn't preclude the assertion of non-monetary settlement demands against public entities—it merely requires that the monetary portion of the demand be unambiguous. (Doc. 23 at 6.)

### 2. Supplemental Jurisdiction Over State-Law Claims

This case originated in state court and was removed to this Court only due to the presence of a federal claim (*i.e.,* the § 1983 claim). The parties are not diverse, so the case would not have been subject to removal in the absence of a federal claim.

If, following the submission of briefing on the issue of qualified immunity, the Court determines the § 1983 claim should be dismissed, it is unclear whether the Court should reach the merits of the notice-of-claim issue. The Court is not required to retain supplemental jurisdiction over Counts One, Three, and Four (the state-law claims) in the absence of a federal claim, *see* 28 U.S.C. § 1367(c)(3), and considerations of comity and federalism may favor permitting Arizona's state courts to resolve the notice-of-claim issue in the first instance. *Cf. Roundtree v. Atl. Dev. & Inv.,* 2009 WL 2132697, *1-3 (D. Ariz. 2009) (dismissing federal claim and then declining to exercise supplemental jurisdiction over remaining state-law claims: "The Court is mindful that the exercise of supplemental jurisdiction may serve the values of judicial economy and convenience . . . but these values are outweighed by the interests of comity and federalism."); *Floyd v. Watkins*, 2015 WL 5056036, *6 (D. Or. 2015) ("The Court closely examined the sole

federal law claim [under § 1983] and resolved it in favor of Officer Watkins. State court is a convenient forum for the parties, and declining to exercise supplemental jurisdiction respects the values of federalism and comity.").

Accordingly,

**IT IS ORDERED** that the parties submit supplemental briefing on the following two issues: (1) whether the § 1983 claim should be dismissed with prejudice because Defendants are entitled to qualified immunity; and (2) whether, in the event of a dismissal of the § 1983 claim, the remaining state-law claims should be dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

**IT IS FURTHER ORDERED** that the deadline for the parties to file simultaneous briefs on these issues shall be **Friday, December 7, 2018**. No responses or replies to the supplemental briefs will be permitted.

**IT IS FURTHER ORDERED** that each brief shall not exceed 10 pages in length.

Dated this 16th day of November, 2018.

Dominic W. Lanza
United States District Judge